EOD 2/10/00

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

FILED-CLERK
U.S. DISTRICT COURT
00 FEB 10 PM 3:31
TX EASTERN-BEAUMONT
BY _____

| | | |
|---|---|---|
| ARTHUR X. CARSON | § | |
| VS. | § | CIVIL ACTION NO. 1:93cv386 |
| R.E. MORIN, ET AL. | § | |

<u>ORDER</u>

The court previously entered a Final Judgment dismissing this lawsuit pursuant to 28 U.S.C. § 1915(g). This action was based on plaintiff's inability to proceed *in forma pauperis* due to having had three or more previous lawsuits or appeals dismissed as frivolous or for failing to state a claim upon which relief may be granted.

On April 10, 1997, prior to the entry of the Final Judgment, the court entered an order for plaintiff to execute a consent form authorizing the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID) to withdraw funds from his prisoner account in accordance with 28 U.S.C. § 1915. On September 14, 1999, the court, acting at plaintiff's request, entered an order directing the Texas Department of Criminal Justice, Institutional Division to release the hold on plaintiff's inmate trust account, refund to plaintiff any funds collected regarding the above-styled action, and to make no further withdrawals from his inmate account with regard to this lawsuit.

Plaintiff has filed a motion (doc. no. 84) in which he asks the court to impose sanctions against the Texas Department of



Criminal Justice, Institutional Division for disobeying the court's previous order directing the department to make no further withdrawals from his inmate account. Plaintiff has provided the court with a copy of his Inmate Trust Fund Account Data Sheet which indicates TDCJ-ID has failed to remove the hold on his account.

In view of the court's earlier order, there should be no hold on plaintiff's inmate account. However, it does not appear, at this point, that TDCJ-ID's failure to comply with the court's prior order was willful. It is therefore

**ORDERED** that plaintiff's motion for sanctions is **DENIED**. However, <u>TDCJ-ID is **DIRECTED to immediately release the hold placed on plaintiff's inmate trust account as a result of this lawsuit and to refund to plaintiff any funds collected from the plaintiff's inmate trust fund as a result of this lawsuit. No further withdrawals from plaintiff's trust fund shall be made with respect to this lawsuit.**</u> Copies of this Order shall be mailed to: (a) TDCJ-ID Litigation Support Program, Attention: Program Specialist, P.O. Box 13084, Capital Station, Austin, Texas 78711 and (b) TDCJ-ID Local Funds Division, Attention: Riley Tilley, Assistant Director, P.O. Box 629, Huntsville, Texas 77342-0629. It is further

**ORDERED** that the Office of the Attorney General shall, within 60 days of the date set forth below, inform the court and plaintiff as to whether TDCJ-ID has complied with this Order. The Clerk of Court shall provide a copy of this Order to Andy Taylor, First Assistant Attorney General.

**SIGNED** this ___10___ day of ___February___, 2000.

_____
JOE J. FISHER
UNITED STATES DISTRICT JUDGE